JS 44C/SDNY
REV. 5/2010

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

11 cv 5912

| PLAINTIFFS | DEFENDANTS |
|---|---|
| PATRICK COLLINS, INC. | JOHN DOE |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Law Office of Frederic R. Abramson, 160 Broadway, Suite 500, New York, NY 10038, (212)233-0666 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 U.S.C. § 106- Copyright Infringement

Has this or a similar case been previously filed in SDNY at any time? No?[✓]  Yes?[ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ]  Invol.[ ]  Dismissed. No[ ]  Yes[ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)     NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES - OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [X] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $150,000    OTHER _____    

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [✓] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO: **11 CIV 5912**

*[Stamp: JUDGE RAKOFF]*
*[Stamp: AUG 23 2011 U.S.D.C. S.D.N.Y. CASHIERS]*

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

## NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT

PLEASE TAKE NOTICE, pursuant to Rule 7.1, Plaintiffs do not have a parent corporation nor a publically held corporation that owns more than 10% of its stock.

Respectfully submitted,

LAW OFFICE OF FREDERIC R. ABRAMSON

By: _____(s)_____
Frederic R. Abramson (FA3918)
Attorneys for Plaintiffs
160 Broadway, Suite 500
New York, NY 10038
(P) 212-233-0666
(F) 212-267-7571
Email: fabramson@abramsonlegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO: _____

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

## NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT

PLEASE TAKE NOTICE, pursuant to Rule 7.1, Plaintiffs do not have a parent corporation nor a publically held corporation that owns more than 10% of its stock.

Respectfully submitted,

LAW OFFICE OF FREDERIC R. ABRAMSON

By: _____/s/_____
Frederic R. Abramson (FA3918)
Attorneys for Plaintiffs
160 Broadway, Suite 500
New York, NY 10038
(P) 212-233-0666
(F) 212-267-7571
Email: fabramson@abramsonlegal.com

JUDGE RAKOFF   11 CIV 5912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PATRICK COLLINS, INC.,

                Plaintiff,

vs.

JOHN DOE,

                Defendants.

------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

RECEIVED AUG 23 2011 U.S.D.C. S.D. N.Y. CASHIERS

      Plaintiff, Patrick Collins, Inc., sues John Doe, who was, at all relevant times, the subscriber of IP address 108.41.166.7 and alleges:

### Introduction

1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.    Through this suit, Plaintiff alleges Defendant is liable for:

- Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and

- Contributory copyright infringement.

### Jurisdiction And Venue

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

4.    The Defendant's acts of copyright infringement occurred using Internet Protocol address 108.41.166.7 ("IP address") traced to a physical address located within this District, and

1

therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in the State of New York, and (i) Defendant resides in the State of New York and/or (ii) has engaged in substantial and not isolated business activity in the State of New York.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

6.  Plaintiff, Patrick Collins, Inc., is a corporation organized and existing under the laws of the State of California and has its principal place of business located at 8015 Deering Avenue, Canoga Park, California.

7.  Defendant is known to Plaintiff only by IP address 108.41.166.7.

8.  An IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

9.  The ISP to which Defendant subscribes, Verizon Internet Services, can correlate the Defendant's IP address to the Defendant's true identity.

**Factual Background**

I.  *Plaintiff Owns the Copyright to a Motion Picture*

10. Plaintiff is the owner of United States Copyright Registration number PA 0001740672 (the "Registration") for the motion picture entitled "Anal Fanatic 2" (the "Work").

2

11. The Work was registered on or about April 6, 2011.

12. A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the registration date is attached as Exhibit A.

II. *Defendant Used BitTorrent To Infringe Plaintiff's Copyright*

13. BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic. The creators and user's of BitTorrent developed their own lexicon for use when talking about BitTorrent, which can be found on www.Wikipedia.org.

14. The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

A. *Defendant Installed a BitTorrent Client onto his or her Computer*

15. Defendant installed a BitTorrent Client onto his or her computer.

16. A BitTorrent "Client" is a software program that implements the BitTorent protocol. There are numerous such software programs including µTorrent and Vuze, both of which can be directly downloaded from the internet. See www.utorrent.com and http://new.vuze-downloads.com/.

17. Once installed on a computer, the BitTorrent "Client" serves as the user's

3

interface during the process of uploading and downloading data using the BitTorrent protocol.

B.     *The Initial Seed, Torrent, Hash and Tracker*

18.    A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

19.    The Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into groups of bits known as "pieces."

20.    The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

21.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

22.    Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

23.    The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

24.    The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Work, on them and facilitates the exchange of data among the computers.

4

25. Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

C.  *Torrent Sites*

26. "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol. There are numerous torrent websites, including www.TorrentZap.com, www.Btscene.com, and www.ExtraTorrent.com.

27. Upon information and belief, Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work.

D.  *Uploading and Downloading a Work Through a BitTorrent Swarm*

28. Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Work) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

29. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Work, to the peers seeking to download the computer file.

30. Once a peer receives a piece of the computer file, here a piece of the Copyrighted Work, it starts transmitting that piece to the other peers.

31. In this way, all of the peers and seeders are working together in what is called a "swarm."

32.    Here, Defendant participated in a swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

33.    In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Work here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers. The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

34.    Once a peer, here the Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file, here the copyrighted Work.

E.    *Plaintiff's Computer Investigators Identified the Defendant's IP Addresses as an Infringer in a Swarm That Was Distributing Plaintiff's Work*

35.    Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

36.    IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

37.    IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the file identified by the SHA-1 hash value of K7ODDNOZ7UWLVNWZJWWDKQ4ZNV3CJSRZ (the "Unique Hash Number").

6

38. The IP addresses, Unique Hash Number and hit dates contained show Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number and was distributing it to other peers in a BitTorrent swarm on:

   a. May 29, 2011 at 5:48:50 UTC;

   b. May 29, 2011 at 5:48:55 UTC;

   c. May 29, 2011 at 6:12:03 UTC;

   d. May 29, 2011 at 7:02:21 UTC;

   e. May 29, 2011 at 8:21:44 UTC;

   f. May 29, 2011 at 8:57:45 UTC;

   g. May 29, 2011 at 10:06:29 UTC;

   h. May 29, 2011 at 10:58:21 UTC.

39. Through the transaction(s), the Defendant's computer used their identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.

40. IPP's agent analyzed each BitTorrent "piece" distributed by Defendant and verified that re-assemblage of the piece(s) using a BitTorrent Client results in a fully playable digital motion picture of the Work.

41. IPP's agent viewed the Work side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar or substantially similar.

**Miscellaneous**

42. All conditions precedent to bringing this action have occurred or been waived.

43. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Infringement Against Defendant.

44. The allegations contained in paragraphs 1-43 are hereby re-alleged as if fully set forth herein.

45. Plaintiff is the owner of the copyrighted Work which contains an original work of authorship.

46. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied one or more of the constituent elements of the copyrighted Work that are original.

47. Plaintiff did not authorize, permit or consent to Defendant's copying of its Work.

48. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images in any sequence and/or by making the sounds accompanying the Work audible and transmitting said performance of the Work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work nonsequentially and transmitting said display of the

8

Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

49. Defendant's infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

50. Plaintiff has suffered actual damages that were proximately caused by the Defendant's infringements, including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant and all other infringers who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Work;

(B) Order that Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Work from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the copy of the Work Defendant has on the computers under Defendant's possession, custody or control;

(D) Award Plaintiff either its actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504-(a) and (c);

(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) Grant Plaintiff any other and further relief this Court deems just and proper.

## COUNT II
### Contributory Infringement Against Defendant.

51. The allegations contained in paragraphs 1-43 are hereby re-alleged as if fully set

9

forth herein.

52.     Plaintiff is the owner of the Registration for the Work which contains an original work of authorship.

53.     By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied the constituent elements of the copyrighted Work that are original.

54.     By participating in the BitTorrent swarm with other infringers, the Defendant induced, caused or materially contributed to the infringing conduct of the other peer infringers in the swarm.

55.     Plaintiff did not authorize, permit or consent to Defendant's inducing, causing or materially contributing to the infringing conduct of other peer infringers.

56.     Defendant knew or should have known that other BitTorrent users, here other infringers would become members of a swarm with Defendant.

57.     Defendant knew or should have known that other BitTorrent users in a swarm with it, here other infringers, were directly infringing Plaintiff's copyrighted Work by copying one or more of the constituent elements of the copyrighted Work that are original.

58.     Indeed, Defendant directly participated in and therefore materially contributed to each other participants' infringing activities.

59.     Defendant's contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

60.     Plaintiff has suffered actual damages that were proximately caused by the Defendant and each of the peer infringers including lost sales, price erosion, and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other infringers who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Work;

(B)     Order that Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Work from each of the computers under Defendant's possession, custody or control;

(C)     Order that Defendant delete and permanently remove the copy of the Work Defendant has on the computers under Defendant's possession, custody or control;

(D)     Find that Defendant is jointly and severally liable for the direct infringement of each other infringer that Defendant induced, caused or materially contributed to commit an infringement.

(E)     Award Plaintiff either its actual damages and any additional profits made by Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504-(a) and (c);

(F)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(G)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      LAW OFFICE OF FREDERIC R. ABRAMSON

By:        /s/ Frederic R. Abramson

                                      Frederic R. Abramson (FA3918)
                                      Attorneys for Plaintiff
                                      160 Broadway, Suite 500
                                      New York, NY 10038
                                      (P) 212-233-0666
                                      (F) 212-267-7571
                                      Email: fabramson@abramsonlegal.com

WebVoyage Record View 1                      http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=2&ti=1,2&Searc...



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = anal fanatic
Search Results: Displaying 2 of 2 entries



### ANAL FANATIC 2.

| | |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0001740672 / 2011-04-06 |
| **Application Title:** | ANAL FANATIC 2. |
| **Title:** | ANAL FANATIC 2. |
| **Description:** | Videodisc (DVD) |
| **Copyright Claimant:** | PATRICK COLLINS, INC. Address: 8015 DEERING AVE., CANOGA PARK, CA, 91304, United States. |
| **Date of Creation:** | 2011 |
| **Date of Publication:** | 2011-02-04 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | PATRICK COLLINS, INC., employer for hire; Domicile: United States; Citizenship: United States. Authorship: entire motion picture. |
| **Names:** | PATRICK COLLINS, INC. |



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format  Full Record | Format for Print/Save |
| Enter your email address: | Email |

---

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

## EXHIBIT A